## JAMES BIRKS

*v.*

## JAMES HOUSTON, Admr. etc.

<div style="float:right">
63   77
34a 145
34a 267
63   77
39a 590

63    77
d92a ¹391
</div>

1. JURISDICTION—*on appeal—waiver.* An administrator brought suit upon a promissory note, claiming a sum exceeding $1000, in the county court. The defendant took the case by appeal to the circuit court, where judgment was rendered in favor of plaintiff for $1780.85. No objection to the jurisdiction of the county or circuit court was made below, but by agreement a jury was waived and a trial had on the merits before the court: *Held,* that any objection that might have been taken to the jurisdiction of the court, was waived.

2. CONTINUANCE. When application for a continuance is made for the third time on account of the absence of the same witness, the court may properly require unusual diligence to be shown on the third application. In such a case, where the witness resides in the county, and the affidavit failed to show that the witness had been subpœnaed, the application was properly denied.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WYATT & DANA, and Mr. A. ORENDORFF, for the appellants.

Messrs. BEASON & BLINN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This suit was commenced in the county court of Logan county, and resulted in a judgment in favor of the plaintiff, who had sued as administrator of Houston. The defendant appealed to the circuit court, where, after several continuances on the application of defendant, there was another trial and a judgment in favor of plaintiff for $1780.85. The defendant has brought the record to this court.

It is insisted for appellant that the circuit court had no jurisdiction to render a judgment for this amount in favor of an administrator on an appeal from the county court. This question was not raised in the circuit court. Both parties appeared there, and, by agreement, waived a jury and submitted the case to the court for trial. Any objection that might have been taken to the jurisdiction was thereby waived. *Allen* v. *Belcher,* 3 Gilm. 594; *Randolph County* v. *Ralls,* 18 Ill. 29.

The motion for a continuance was properly overruled. It was made because of the absence of a witness by whom defendant expected to prove that the note sued on included $30 of usurious interest. Two continuances had already been allowed on account of the absence of the same witness—one to a later day of a former term, and then to the succeeding term. Under the circumstances, the court might properly require unusual diligence to be shown on the third application, and the affidavit did not even show that the witness had been subpœnaed, although she resided in the county.

*Judgment affirmed.*