[No. 14181.   Department One. — August 10, 1891.]

B. BALLERINO, RESPONDENT, *v.* L. M. BIGELOW, APPELLANT.

FORCIBLE ENTRY AND DETAINER — JURISDICTION OF JUSTICE'S COURT — RENTAL VALUE OF PROPERTY — PLEADING — EVIDENCE — VOID JUDGMENT. — A justice's court is not concluded by the allegations of the complaint as to the rental value of the property involved in an action of forcible entry and detainer, as determining the question of its jurisdiction to try and render judgment in the cause, but is bound to determine the question in accordance with the evidence; and where the complaint alleged that the rental value of the property did not exceed the sum of twenty-five dollars a month, and the evidence showed that it did exceed that sum, no recovery can be had in a justice's court, and a judgment rendered therein in such a case is *coram non judice* and void.

ID. — APPEAL TO SUPERIOR COURT — EFFECT UPON JURISDICTION. — An appeal to the superior court upon questions of law and fact from a judgment of the justice's court in an action of forcible entry and detainer does not enlarge the jurisdiction as to such cases, and cannot have the effect to deprive a defendant of his right to have a case, where the rental value of the property exceeds twenty-five dollars, tried originally in the superior court.

ID. — TESTS OF JURISDICTION — CLAIM OF PLAINTIFF — RENTAL VALUE. — The tests of the jurisdiction of a justice's court in an action of forcible entry and detainer are twofold, viz.: 1. The plaintiff must not claim more than two hundred dollars damages in all, and cannot recover more; and 2. The rental value of the property must not exceed twenty-five dollars a month as a matter of fact, to be determined by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wells, Guthrie & Lee,* for Appellant.

*Horace Bell,* and *H. Allen,* for Respondent.

FOOTE, C. — Ballerino brought this action against Mrs. Bigelow, claiming that she had forcibly deprived him of the possession of certain premises, and in pursuance of such forcible entry unlawfully detains the same from him.

The damages claimed was the sum of two hundred dollars, and it is also alleged in the complaint that the rental value of the premises did not exceed twenty-five dollars per month.

The cause was originally brought in a justice's court, and judgment being rendered for the plaintiff, an appeal was taken upon the law and facts to the superior court of the proper county. There a trial was had *de novo*, and judgment was rendered for the plaintiff, that he recover the premises and $510 as damages, that being treble the amount of the damages sustained, which judgment for damages was awarded in accordance with the provisions of section 1174 of the Code of Civil Procedure. From this judgment, and an order denying a new trial, this appeal is taken.

There are several points made for the reversal of the judgment and order, but it becomes necessary to determine but one, which, as we think, is conclusive of the matter.

While the complaint only alleges that the rental value did not exceed, as a fact, the sum of twenty-five dollars a month, the overwhelming weight of the evidence is that the rental value exceeded that sum. The court below disregarded the weight of evidence, not upon the idea that there was a conflict, in which it believed the plaintiff's evidence upon the point, but upon the theory that it was legally concluded by the allegations of the complaint as determining the question of the jurisdiction of the justice's court to try and render judgment in the cause, and that it was not bound to determine the question of jurisdiction in accordance with the evidence. This was clearly error. Says the judge below: " Concerning the value of the rents, if it had not been for the allegations of the complaint, I should have found in this case, where the defendant herself is evidently anxious that the value should be put above the amount claimed, that it is more. But I think the same rule of

pleading governs in this case as in any other; that the plaintiff cannot recover any more than he alleges, although the defendant seems perfectly willing that the plaintiff should consider the rental value to be greater than the amount claimed."

In other words, it seems that the view of the trial court was, that if a complaint states that property in San Francisco is worth not to exceed twenty-five dollars a month, and the proof shows that the rental value is a thousand dollars a month or more, still, the justice's court, upon a showing of facts like that here as to forcible entry, could render judgment for the possession of such valuable property. Not so do we understand the law to declare. Our view is, that the damages *claimed* and proved is all that the plaintiff can recover, but the rental value is not confined to what is alleged, but extends to what is proved, and no recovery can be had where the proof shows that the court has not jurisdiction to render judgment for the possession of the premises.

It will be perceived upon examination of the constitution of the state (art. 6, sec. 11), that after declaring the legislature shall determine the number of justices of the peace to be elected in townships, incorporated cities and towns, or cities and counties, and shall fix by law "the powers, duties, and responsibilities of justices of the peace," it is further provided "such powers shall not in any case trench upon the jurisdiction of the several courts of record, except that said justices shall have concurrent jurisdiction with the superior courts in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars per month, and where the whole amount of damages claimed does not exceed two hundred dollars," etc. Following this constitutional provision, the legislature enacted section 113 of the Code of Civil Procedure, which contains the same limit as to concurrent jurisdiction of justices with superior courts in this class of actions. Thus the measure of the juris-

diction of justices' courts in these matters is fixed and determined by law. The appeal from the justice's to the superior court does not enlarge the jurisdiction as to such cases. It is plainly evident that the constitution and the statute, so far as concerns this case, apply two tests as to jurisdiction, both of which must be met.

The plaintiff must not *claim* more than two hundred dollars damages in all, nor can he recover more. And the rental value of the property involved must not *exceed* the sum of twenty-five dollars a month *as a matter of fact*, to be determined by the evidence.

If it had been intended that the test of jurisdiction as to the matter of rental value was what was claimed in the complaint, and in no wise dependent upon proof of such fact, it would have been expressed as plainly as it is with reference to the damages claimed. But the word "claimed," as applied to the question of damages, is omitted from that of the matter of rental value, and, instead, the words used are, "and where the rental value does not exceed twenty-five dollars a month."

It was said in *Newman* v. *Duane*, 89 Cal. 597: "The plaintiff herein by simply framing his complaint in a particular way could not deprive the defendant of a jury trial of the issues raised by his answer." By parity of reasoning it may be properly said that by framing his complaint in a certain way the plaintiff cannot confer jurisdiction denied by the constitution and the statute to a justice's court, and force the defendant to submit the right of her possession to property to the determination of a tribunal which has no right so to do, thus depriving her of the privilege guaranteed to her to have such a case tried originally in the superior court.

We are therefore of opinion that the judgment is *coram non judice* and void, and that it and the order denying a new trial should be reversed, and the cause dismissed in the court below for the want of jurisdiction.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, and cause dismissed in the lower court for want of jurisdiction.