[S. F. No. 2305.   Department Two.—September 21, 1900.]

PATRICK HOBAN, Executor, etc., Respondent, v. PATRICK RYAN and MARY RYAN, Appellants.

UNLAWFUL DETAINER—TREBLED DAMAGES — JURISDICTION OF JUSTICE'S COURT.—A justice's court has no jurisdiction of an action for unlawful detainer, though the rent is only ten dollars per month, where the whole amount of rent alleged to be due and unpaid aggregates one hundred and twenty dollars, and the complainant seeks that the same be trebled as damages for the unlawful detention.

ID.—TEST OF JURISDICTION—AMOUNT SUED FOR.—The test of the jurisdiction of the justices' courts, whether exclusive or concurrent, is the same as that of the superior courts, viz., "the amount sued for, exclusive of interest."

ID.—"AMOUNT OF DAMAGES CLAIMED."—The provision of the constitution limiting the jurisdiction of the justices' courts in actions for forcible entry and detainer to cases where the "whole amount of damages claimed exceeds two hundred dollars," is intended to exclude such jurisdiction where the whole amount of the trebled damages claimed for the unlawful detention exceeds two hundred dollars.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William R. Daingerfield, Judge.

The facts are stated in the opinion.

Sullivan & Sullivan, for Appellants.

The justice's court had no jurisdiction of the action, the amount claimed and recoverable as damages being greater than that allowed by the constitution and the statute. (Const., art. VI, sec. 11; Code Civ. Proc., secs. 113, 1174; *Ballerino v. Bigelow,* 90 Cal. 500; *Shealor v. Superior Court,* 70 Cal. 565.) The amount sued for, exclusive of interest, is the test of jurisdiction. (*Solomon v. Reese,* 34 Cal. 33; *Pennybecker v. McDougal,* 48 Cal. 161; *Derby v. Stevens,* 64 Cal. 287.)

George D. Shadburne, for Respondent.

The justice's court had jurisdiction. The rent was less than twenty-five dollars per month, and the amount due was less than two hundred dollars. The proof only goes to the amount of rent, or of actual damage shown, and the trebling done is merely a penalty fixed by the statute and to be assessed by the jury. (Code Civ. Proc., sec. 1174.)

SMITH, C.—The suit was brought in the justice's court of the city and county of San Francisco for the unlawful detainer of a lot in that city, and for the recovery of possession and the value of the use and occupation. The case was carried by appeal to the superior court, where judgment was rendered for the plaintiff for the restitution of the premises and for the sum of one hundred and fifty dollars and costs. The defendants appeal from the judgment and from an order denying a new trial.

The complaint alleges that the value of the use and occupation of the premises during the time it was occupied by the defendants was ten dollars a month and in the aggregate one hundred and twenty dollars, and the prayer is "for the restitution of said premises and for one hundred and twenty dollars for the use and occupation of said premises, and that the same may be trebled as damages for the unlawful detention thereof, besides costs of suit." A demurrer to the complaint was interposed on the ground of want of jurisdiction, and it is now claimed that the judgment should be reversed on this ground.

The point, we think, must be sustained. It is settled in this state, with reference to the statutory and constitutional provisions determining the jurisdiction of the superior courts, and the exclusive jurisdiction of the justice courts (Code Civ. Proc., sec. 112; Const., art. VI, sec. 5), that "the amount sued for, exclusive of interest, is the test of jurisdiction" (*Solomon v. Reese*, 34 Cal. 33; *Sanborn v. Contra Costa Co.*, 60 Cal. 427; *Dashiel v. Slingerland*, 60 Cal. 653; *Shealor v. Superior Court*, 70 Cal. 565, and other cases); and the principle must also apply to the concurrent jurisdiction of the justices' courts as determined by the provisions of section 11 of the same article of the constitution and the corresponding provisions of the code— which are in the same language. (Code Civ. Proc., secs. 113, 1163.) The question of jurisdiction must, therefore, depend upon the construction of the language used in the constitutional provision cited; which is, "that said justices shall have jurisdiction in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars per month, *and where the whole amount of damages claimed* does not exceed two hundred dollars." Or, rather, the question depends on the construction of the clause italicized, and especially on the definition of the word "damages." If this term is to be construed as including the whole amount sued for—that is to say, not merely the alleged value of the use and occupation, but the amount to be adjudged—then the case was beyond the jurisdiction of the justice's court. But the meaning of the term is well settled. "Damages [are] the indemnity recoverable by a person who has sustained an injury; . . . . the sum claimed as such indemnity by a plaintiff in his declaration"; and the term includes not only "compensatory," but also "exemplary" or "punitive" or "vindictive," and "double or treble damages." (Bouvier's Law Dictionary, word "Damages.") At common law "double or treble damages" were often allowed by statute (Bouvier's Law Dictionary, word "Measure of Damages," *ad finitum*); and, especially in forcible entries or detainers, "treble damages to the party grieved." (3 Blackstone's Commentaries, 179.) There can be no doubt, therefore, that the term "damages" includes the whole amount to be adjudged; and that it is so used here is indicated by the peculiar form of the expression, viz., "the

whole amount of damages claimed," which would lack force if compensatory damages only were intended. It may be added that the technical is quite in accord with the popular meaning of the term. Hence, naturally enough, the prayer of the complaint is for the treble amount "as damages for the unlawful detention." Nor is it reasonable to assign to the convention the intent to give to justices' courts in this particular case jurisdiction to an amount double the amount of three hundred dollars, by which their ordinary jurisdiction is determined.

The constitutional provision has been in fact construed by the legislature in accordance with the views here expressed. In sections 113 and 1163, in prescribing the jurisdiction of justice's court in cases of forcible entry and detainer, the language of the constitution is used. But could this be construed as giving jurisdiction in cases where the amount demanded exceeds three hundred dollars, it would be in conflict with subdivision 4, section 112, of the Code of Civil Procedure; where the jurisdiction of justice's court "in actions for a fine, penalty, or forfeiture" is limited to three hundred dollars. For—as is in fact claimed by the respondent—there can be no doubt that, "of the whole amount of damages claimed," a two-thirds part is a penalty. We would thus have the case of two consecutive sections of the code, in the first of which the jurisdiction in the case of all penalties is limited to three hundred dollars, and in the second extended, in this one case, to six hundred dollars.

We advise, therefore, that the judgment and order denying a new trial be reversed, and the cause remanded with directions to dismiss the action for want of jurisdiction. (*Ballerino v. Bigelow,* 90 Cal. 503.)

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed and the cause remanded, with directions to dismiss the action for want of jurisdiction.        Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.