[L. A. No. 752.  Department One. — May 21, 1901.]

J. L. DE JARNATT, Respondent, v. PASCUAL MARQUEZ, Appellant.

ACTION UPON NOTE LESS THAN THREE HUNDRED DOLLARS — STIPULATION FOR ATTORNEY'S FEE — JURISDICTION OF SUPERIOR COURT. — The superior court has original jurisdiction, under the constitution, of an action upon a promissory note, though the principal sum is less than three hundred dollars, if it contains a stipulation for attorney's fees, and the attorney's fee claimed makes the total amount of the demand, exclusive of interest, in excess of three hundred dollars.

ID. — ACTION IN JUSTICE'S COURT — APPEAL — QUESTIONS OF LAW AND FACT — TRIAL WITHOUT OBJECTION — VALIDITY OF JUDGMENT. — Although the justice's court had no jurisdiction of the subject-matter of the action, yet, where the case was appealed therefrom upon questions of law and fact to the superior court, and tried there without objection to the jurisdiction, the superior court having original jurisdiction of the subject-matter and of the parties, its judgment is not void; and it will not be reversed upon appeal to this court.

APPEAL form a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

Hugh J. & William Crawford, for Respondent.

GAROUTTE, J.—Plaintiff brought an action in the justice's court for the sum of $250, being the principal of a promissory note, and he also asked judgment for the sum of $100 as an attorney's fee in the litigation, the note providing for a reasonable attorney's fee in case suit was brought.    Defendant filed a demurrer, one, of the grounds of demurrer being that the court had no jurisdiction of the subject-matter of the action. The demurrer being overruled, issue was joined, and judgment went for plaintiff.    Defendant appealed to the superior court upon questions of both law and fact.    The case was tried upon its merits, and judgment again went against him.    He now appeals to this court, and attacks the jurisdiction of the superior court to try the case and render judgment therein.    He claims that the justice's court had no jurisdiction of the subject-matter of the action, and that therefore the judgment rendered by that court was void; he then claims that the justice's court having no jurisdiction to try the case, the superior court, by appeal, gained no jurisdiction to try it, and for that reason its judgment is also void.

Defendant made no complaint, at any time, of lack of jurisdiction in the superior court to hear and decide this case upon its merits.    It will therefore be seen from the foregoing statement of facts, that he has placed himself in a somewhat novel position.    Section 976 of the Code of Civil Procedure says: "When a party appeals to the superior court on questions of fact, or on questions of law and fact, no statement need be made, but the action must be tried anew in the superior court." Defendant appealed to the superior court upon questions of both law and fact.    He made no protest or objection going to the jurisdiction of that court to try the case upon its merits, and without raising any question of law whatever in that court, he goes to trial, and then, having lost his case, for the first time he here denies the jurisdiction of the superior court to hear and determine the cause.    It may at least be said that in the orderly course of civil procedure he should have raised this jurisdictional question in the court where the case was upon trial.    Of course, if the judgment there rendered

is absolutely void,—a mere nullity,—the question may be raised anywhere and at any time; yet certainly the better practice and more orderly procedure would have been to pursue some other course than that which has been here followed.

In this case the superior court had original jurisdiction of the subject-matter of the action. While not securing jurisdiction of the cause by virtue of the appeal, it had jurisdiction over it by virtue of the constitution. The defendant brought the pleadings before that court by reason of his appeal upon questions of both law and fact. The court then having jurisdiction of the subject-matter of the action and jurisdiction of the person, and the parties going to trial upon the merits by consent, we are at a loss to see how a judgment rendered under these circumstances is void. The authorities fully support the conclusion at which we have arrived. (*Randolph Co.* v. *Ralls,* 18 Ill. 29; *Birks* v. *Houston,* 63 Ill. 77; *Allen* v. *Belcher,* 3 Gilm. 594; *Harrington* v. *Heath,* 15 Ohio, 483; *Van Dyke* v. *Rule,* 49 Ohio St. 535; *Santa Barbara* v. *Eldred,* 95 Cal. 378; *Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132.) It further may be said that the question here involved was not considered in the case of *Ballerino* v. *Bigelow,* 90 Cal. 500. The appeal in that case was decided alone upon the proposition that the superior court could not obtain appellate jurisdiction upon an appeal from a judgment of a justice's court in a case of which that court had no jurisdiction over the subject-matter. But, however that may be, this case, in its facts, is similar to *Hart* v. *Carnall-Hopkins Co.,* supra, and the decision in *Ballerino* v. *Bigelow, supra,* must give way, if the law there declared is opposed to the later case. As to the relative effect resulting from an appeal to a superior court upon questions of law alone, and from an appeal upon questions of both law and fact, see *Maxson* v. *Superior Court,* 124 Cal. 468.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.