THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, *Plaintiff in Error*, v. G. W. SUTTON, *Defendant in Error*.

I. The proceedings of the circuit court upon *certiorari* are reviewable by the supreme court on writ of error.

2. Under the constitutional provision that "the county judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars," the jurisdiction of the county judge is determined by the actual demand made or the actual damage claimed.

3. A judgment entered by a county judge for an amount in excess of the amount over which the court has jurisdiction is void.

4. Judicial power to enter a judgment extends only to subjects over which the court or judge has jurisdiction; and a judgment entered in a judicial proceeding as to a subject not within the judicial power of the court or judge is a nullity.

5. Costs properly incurred are an incident to the judicial proceeding and are no part of the damages claimed or demand or penalty being adjudicated; consequently costs do not affect the jurisdiction of the court.

6. Where a statute requires a judgment to be entered for double the damages found to be due, the double damages constitute the demand of damages claimed; and the county judge has judicial power to adjudicate and enter judgment for such demand or damages claimed only when they shall not exceed the jurisdictional amount of one hundred dollars.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*Blount* & *Blount* & *Carter* and *Daniel Campbell,* for plaintiff in error;

*Daniel A. Simmons* (with whom was *W. T. Bludworth* on the brief), for defendant in error.

WHITFIELD, J.—On September 26th, 1906, G. W. Sutton brought an action against the Louisville and Nashville Railroad Company in the court of the county judge of Holmes county, and in the declaration filed it is alleged that on May 24th, 1906, a cow the property of the plaintiff of the value of $75.00 was killed by a train of the defendant company at a point on defendant's railroad which was required by law to be fenced, but which was not fenced. That more than 30 days before bringing action plaintiff gave written notice and presented his claim in writing for said damages to an agent of the railroad company, but defendant company failed to pay such claim. Plaintiff claimed damages for the value of the cow $75.00, and a reasonable attorney fee of $24.00, and plaintiff "sues and claims damages in the sum of $99.00." There was a plea of not guilty. At the trial the jury returned a verdict "in favor of the plaintiff and assess his damages at the sum of $75.00." Judgment was entered February 9th, 1907, for $150.00 damages; $15.00 attorney fee and $22.35 costs. A writ of *certiorari* was issued to this judgment from the circuit court and from an order quashing the *certiorari* a writ of error was taken here.

The proceedings of the circuit court upon *certiorari* are reviewable by the supreme court on writ of error. Edgerton v. Mayor and Alderman of Green Cove Springs, 18 Fla. 528.

The question presented for determination is whether the judgment of the court of the county judge is void

for want of jurisdiction to enter judgment for the amounts stated in the judgment.

Section 17 of article V of the constitution provides that: "The county judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars." Section 2058 of the General Statutes of 1906, Section 1609 of the Revised Statutes of 1892, provides that the all civil matters the powers and duties of the county judge shall be the same as those of a justice of the peace. Section 2073 of the General Statutes of 1906, section 1609 of the Revised Statutes of 1892, provide sthat the justices of the peace shall have jurisdiction "in actions for damages for injury to rights pertaining to the person, or to personal or real property, when the damages claimed do not exceed one hundred. dollars;" and "in actions for penalties not exceeding one hundred dollars." The statutes of this state appearing as Section 2869 *et seq.,* of the General Statutes of 1906 require railroad tracks to be fenced, and provide that where the track is not fenced the railroad shall be liable. for the full cash value of any domestic live stock killed or injured by any train, engine or cars upon the track if paid within sixty days after the presentation of the claim in writing for damages; and if the claim is not paid within sixty days after presentation the railroad shall be liable for double the value of the animal and for attorneys' fees. It is also provided that when suit shall be brought after the required notice is given, and the value found is less than the amount demanded in the written claim, but more than the amount tendered or offered, the judgment shall be for the actual value only, and cost of suit and attorneys' fees to be fixed by the court; but if the value be not less than the amount as originally claimed, then the court shall render judgment for double the damage

found- to be due the plaintiff, and also costs, which costs shall include a reasonable attorneys' fee to be determined by the court, if an attorney represented the plaintiff.

The jurisdiction of the county judge is determined by the actual demand made or the actual damages claimed. A judgment entered for an amount in excess of the amount over which the court has jurisdiction is void. Seaboard Air Line Ry. v. Ray, 52 Fla. 634, 42 South. Rep. 714; Wilson v. Sparkman, 17 Fla. 871, S. C. 35 Am. Rep. 110.

Judicial power to enter a judgment extends only to subjects over which the court or judge has jurisdiction; and a judgment entered in a judicial proceeding as to a subject not within the judicial power of the. court or judge is a nullity. Under the constitution and statutes above mentioned the judicial power of the county judge as to demands or damages claimed or penalties is confined to' those that do not exceed the jurisdictional amount of one hundred dollars. If the judgment is an adjudication of a demand or damages claimed or penalty that exceeds one hundred dollars in amount, the county judge had no judicial power to enter the judgment and it is void. Costs properly incurred are an incident to the judicial proceeding and are no part of the damages claimed or demand or penalty being adjudicated; consequently costs do not affect the jurisdiction of the court.

The statutes provide that under certain conditions the railroad company shall be liable for double the value of the live stock killed, and that under certain conditions the court shall render judgment for double the damage found to be due by reason of the killing of the live stock. When live stock has been killed by the train of a railroad company and the conditions exist under which the statute requires that judgment shall be ren-

dered for double the damage found to be due, the double damages constitute the demand or damages claimed; and under the constitution and statutory provisions above quoted the county judge has judicial power to adjudicate and enter judgment for such demand or damages claimed only when they shall not exceed the jurisdictional limit of one hundred dollars. See Hoban v. Ryan, 130 Cal. 96, 62 Pac. Rep. 296.

The county judge had judicial power to adjudicate and enter judgment for a demand or damages claimed or penalty not exceeding the jurisdictional limit of one hundred dollars; and the judgment entered for one hundred and fifty dollars damages in favor of the plaintiff is void. It is not necessary to consider whether or not the penalty imposed by the statute should be included in an adjudication of a claim or demand where the pleadings do not embrace the penalty.

The judgment of the circuit court affirming the judgment of the county judge is reversed, and the cause is remanded to the circuit court with directions to quash the void judgment of the county judge.

SHACKLEFORD, C. J., and PARKHILL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.