[Civ. No. 946. First Appellate District.—May 17, 1912.]

## C. R. BATES, Respondent, v. FRANCIS FERRIER, Appellant.

JUSTICE'S COURT—WANT OF JURISDICTION—ACTION TO RECOVER DEPOSIT OF $200 ON CONTRACT TO SELL LAND FOR INVALIDITY OF TITLE—INVALID JUDGMENT FOR PLAINTIFF.—Where the complaint, in an action in the justice's court to recover a deposit of $200 paid under a contract to sell land, alleged that the defendant's title to the land was invalid because burdened with building restrictions set forth, and based its right of action on that ground, upon its face the title to land is involved therein, and the original jurisdiction thereof is

not in the justice's court, but in the superior court; and where, after overruling a demurrer to the complaint for want of jurisdiction of the justice's court, that court tried the case and rendered judgment for the plaintiff, it is void for want of jurisdiction.

ID.—APPEAL FROM JUSTICE'S JUDGMENT—OBJECTION TO JURISDICTION—INVALID TRIAL AND JUDGMENT—REVERSAL WITH DIRECTIONS TO DISMISS ACTION.—Where the defendant appealed from the justice's judgment, on questions both of law and of fact, to the superior court, and appeared specially therein to object to the want of jurisdiction either in the justice's court or in the superior court to try the same, and moved that court to remand the case to the justice's court, with directions to sustain the demurrer, and dismiss the action for want of jurisdiction to try the same, and where that court overruled the motion and directed the trial to proceed, whereupon defendant refused to submit to the jurisdiction and absented himself, and the case was tried and judgment rendered in his absence for the plaintiff, it is held that such judgment will be reversed, with directions to the superior court to dismiss the action for want of jurisdiction.

ID.—RULES APPLICABLE TO APPEALS FROM JUSTICES' COURTS ON QUESTIONS OF LAW AND FACT.—When appeals are taken from justices' courts to the superior court on questions both of law and fact, although the justice's court may in fact be without jurisdiction, yet if no such objection is urged on that ground in the superior court, it cannot be urged upon appeal from its judgment; but if, on the other hand, when such appeals are taken, the want of jurisdiction in the justice's court is also disclosed in the record of the court as having been seasonably urged on that ground, such objection is good, especially when, as in this case, the objecting party refuses to submit to the jurisdiction of the superior court in the trial of any mere questions of fact.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

J. Rollin Fitch, for Appellant.

Gibson & Woolner, and H. A. Stout, for Respondent.

HALL, J.—This is an appeal from a judgment for plaintiff for the sum of $233.80, and was taken according to the method prescribed by sections 941a and 941b of the Code of Civil Procedure.

The action was originally brought in the justice's court of the town of Berkeley, and by it the plaintiff, as appears from his complaint, sought to recover the sum of $200, and interest thereon, paid by him to defendant as a deposit on the purchase of a lot of land, under an agreement that the same should be repaid to plaintiff if the title to the land proved to be invalid. It is alleged in the complaint that the title to the land was not good and valid, in that the title of defendant thereto is burdened with certain building restrictions, which are set forth in the complaint.

Defendant demurred to the complaint upon the grounds that the justice's court had no jurisdiction over the subject matter of the action, and that the complaint did not state a cause of action. This demurrer was overruled, and defendant filed an answer and cross-complaint. In his answer defendant admitted that the land was subject to the building restrictions as alleged in the complaint, but that plaintiff, at the time of entering into the contract in writing to purchase said land, did orally waive said restrictions as constituting a cloud upon the title to said land, and further denied that said title to said property was not good or valid by reason of said building restrictions or otherwise.

By his cross-complaint defendant sought to recover of plaintiff $200 as damages for plaintiff's refusal to complete the purchase of the land. The pleadings were not verified.

The trial before the justice of the peace resulted in a judgment for plaintiff for the amount sued for, and that defendant take nothing by reason of his cross-complaint.

From this judgment defendant in due time took an appeal to the superior court "on questions of both law and fact."

Upon the calling of the action for trial in the superior court, defendant by his counsel gave notice that he appeared specially at the trial of said action, and objected to the court hearing or determining the action upon its merits, and moved the court to remand the cause to the justice's court with directions to sustain defendant's demurrer to the complaint without leave to amend.

The objection and motion were made upon the grounds that the justice's court had no jurisdiction of the action, and that therefore the superior court acquired no appellate jurisdic-

19 Cal. App.—6

tion over the subject matter of the action, and had no original jurisdiction over the person of the defendant.

The objections and motion of defendant were denied, and exception taken by defendant, and the court proceeded to try the action upon its merits, and made findings and rendered judgment for plaintiff.

It is now contended that the judgment of the superior court must be reversed for want of jurisdiction to try the action upon its merits.

As preliminary to a consideration of the question as to the jurisdiction of the superior court to try the action upon its merits, counsel on both sides have devoted considerable space in their briefs to a discussion of the question as to whether or not the action involved any question of title to real estate.

Where, as in this case, the plaintiff founds his right of action upon an allegation that title to land agreed to be purchased by him is invalid, and according to his own pleadings seeks the return of a purchase deposit upon the ground of such invalidity, it is certain that title to land is necessarily involved in the action. (*Holman* v. *Taylor,* 31 Cal. 338; *Copertini* v. *Oppermann,* 76 Cal. 181, [18 Pac. 256] ; *Boyd* v. *Southern Cal. Ry. Co.,* 126 Cal. 572, [58 Pac. 1046] ; *Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 133, [37 Pac. 196] ; *Dungan* v. *Clark,* 159 Cal. 30, [112 Pac. 718].) In which case, of course, original jurisdiction of the subject matter of the action is in the superior court and not in the justice court. (Const., art. VI, sec. 5.)

*Copertini* v. *Oppermann,* 76 Cal. 181, [18 Pac. 256], was an action to recover a purchase deposit of $200. The right to recover was founded, as in this action, upon the alleged defective title to the land, but the action was brought in the superior court. The jurisdiction of the superior court was attacked by demurrer to the complaint, and it was held that such court had original jurisdiction of the action. The case is decisive of the question of the original jurisdiction of an action such as is set forth in the complaint in the case at bar being in the superior court and not in the justice court.

Respondent insists, however, that even if the cause of action set forth in the complaint was not within the jurisdiction of the justice court, the superior court obtained jurisdiction to try the action upon its merits, because the defendant appealed

to said court upon both questions of law and fact.    In support of this contention respondent cites a number of cases in which the right of the superior court to try a case upon the merits, appealed to it, upon questions of law and fact, from a justice court which had no jurisdiction of the subject matter of the action, has been sustained.    The only ones that are at all pertinent are *City of Santa Barbara* v. *Eldred,* 95 Cal. 378, [30 Pac. 562]; *Hart* v. *Carnall-Hopkins Co.,* 101 Cal. 160, [35 Pac. 633]; *Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132, [37 Pac. 196]; *De Jarnatt* v. *Marquez,* 132 Cal. 701, [64 Pac. 1090]; *Armantage* v. *Superior Court,* 1 Cal. App. 130, [81 Pac. 1033]; *Van Dyke* v. *Rule,* 49 Ohio St. 530, [31 N. E. 882], and *Birks* v. *Houston,* 63 Ill. 77 (and cases cited therein).

In *Armantage* v. *Superior Court* it was not claimed that the justice court did not have jurisdiction of the subject matter of the action, and the case is not therefore in point upon the question in the case at bar.

In none of the other cases cited did the appellant make any objection to the superior court trying the cause upon its merits, or in any way raise the question as to its jurisdiction so to do until after judgment in such court, except in the case of *Hart* v. *Carnall-Hopkins Co.,* and in that case it did not appear from the record transmitted upon appeal to the superior court from the justice court that any question of possession or title to real property arose or was presented in the justice court, but for aught that the record showed, such issue first arose upon the trial in the superior court.    All of which is clearly pointed out in the opinion in the case reported in 103 Cal. 140, 141, [37 Pac. 196].

In each of the other cases cited it is pointed out that the case was tried in the superior court upon its merits without objection by the appellant, and stress is laid upon such fact.

Upon the other hand the authorities are abundant, and, we believe, substantially uniform to the effect that where the want of jurisdiction of the justice court appears upon the record transmitted from such court to the appellate court, an objection made by the appellant to the appellate court trying the case upon the merits is good if seasonably made.    The following are but a few of such authorities: *Poyser* v. *Murray,* 6 Ind. 35; *Darrell* v. *Biscoe,* 94 Md. 684, [51 Atl. 410]; *Elder*

v. *Dwight Co.,* 4 Gray (Mass.), 201; *Berroth* v. *McElvain,* 41 Kan. 269, [20 Pac. 850]; *Hope* v. *Hurt,* 59 Miss. 174; *Barnet* v. *Railroad Co.,* 68 Mo. 56, 65, [30 Am. Rep. 773]; *Ball* v. *Biggam,* 43 Kan. 327, [23 Pac. 565]; *Shea* v. *Regan,* 29 Mont. 309, [74 Pac. 737]; *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 Ga. 658, [50 S. E. 488]; *McHenry* v. *Mays,* 110 Ga. 299, [34 S. E. 1010]; *Missoula E. L. Co.* v. *Morgan,* 13 Mont. 394, [34 Pac. 488].

In *Ballerino* v. *Bigelow,* 90 Cal. 500, [27 Pac. 372], the complaint set forth a cause of action not within the jurisdiction of the justice court, and defendant appealed to the superior court upon questions of law and fact, where a trial *de novo* was had, resulting in judgment for plaintiff. The supreme court reversed the judgment and ordered ''Cause dismissed in the lower court for want of jurisdiction.''

The same course was pursued in *Hoban* v. *Ryan,* 130 Cal. 97, [62 Pac. 296], upon the authority of *Ballerino* v. *Bigelow,* 90 Cal. 500, [27 Pac. 372], the complaint showing a want of jurisdiction in the justice court, which was raised by demurrer filed in the superior court.

In the still later case of *Nolan* v. *Hentig,* 138 Cal. 281, [71 Pac. 440], the justice court had no jurisdiction, but ''the cause was appealed to, and heard *de novo* in, the superior court without objection to the jurisdiction.'' The court said: ''The judgment cannot now be questioned. (*De Jarnatt* v. *Marquez,* 132 Cal. 700, [64 Pac. 1090].) In *Hoban* v. *Ryan,* 130 Cal. 96, [62 Pac. 296], relied on by appellants, there was a demurrer filed and urged in the superior court on the ground of want of jurisdiction. Had defendants in the present case done likewise *Hoban* v. *Ryan* would apply.''

In the case at bar the defendant substantially did all that the defendant did in *Hoban* v. *Ryan,* and more, for he not only urged in an appropriate way before the superior court its want of jurisdiction because of the want of jurisdiction in the justice court, but he had raised the same question by his demurrer, filed in the justice court, to the complaint, and upon the superior court overruling his objection declined to put in evidence as to the facts (a matter which we have not heretofore mentioned).

The rule laid down in *Hoban* v. *Ryan* should therefore control, and the superior court, when objection was made to its

jurisdiction to try the cause, should have sustained such objection and dismissed the cause for want of jurisdiction.   See, also, to the same effect, *Null* v. *Superior Court,* 4 Cal. App. 207, [87 Pac. 392], and *Shealor* v. *Superior Court,* 70 Cal. 564, [11 Pac. 653].

The judgment is reversed, and the superior court is directed to dismiss the action for want of jurisdiction.

Kerrigan, J., and Lennon, P. J., concurred.