[Civ. No. 962.   First Appellate District.—May 17, 1912.]

D. G. BARTNETT, Respondent, v. J. F. HULL and Mrs. J. F. HULL (His Wife), Sometimes Called ALICE HULL, Appellants.

APPEAL FROM JUSTICE'S COURT—QUESTIONS OF LAW AND FACT—WANT OF JURISDICTION APPEARING ON FACE OF RECORD—SEASONABLE OBJECTION—DISMISSAL.—Where an appeal from the justice's court is taken both upon questions of law and of fact, but its want of jurisdiction to try the case appears upon the face of the record, and a seasonable objection to the want of jurisdiction is urged in the superior court, the appellant is entitled to an order dismissing the action for want of jurisdiction to try it upon its merits.

ID.—UNCERTAINTY OF COMPLAINT AS TO JURISDICTION—ACQUIESCENCE IN JURISDICTION—ESTOPPEL.—Where the complaint is uncertain or ambiguous or susceptible of two interpretations as to its meaning, and

all parties to the action appear to have adopted or acquiesced in an interpretation that sustains the jurisdiction of the court over the subject matter of the action, the losing party in such action should not be allowed, upon appeal, for the first time, to insist upon a different interpretation of the pleading that will oust the court of its jurisdiction.

ID.—JURISDICTION OF JUSTICE'S COURT AND OF SUPERIOR COURT—DISMISSAL OF APPEAL TO DISTRICT COURT OF APPEAL.—Where the record on appeal to the district court of appeal from the judgment of the superior court rendered upon appeal from the justice's court shows that the sum claimed in the justice's court, exclusive of interest, was less than $300, and that the justice's court had original jurisdiction of the action, and that the superior court had appellate jurisdiction to try the same upon its merits, it follows that the district court of appeal has no jurisdiction upon appeal from the judgment of the superior court, other than to order a dismissal thereof.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Robert F. Bell, for Appellants.

J. E. Rodgers, for Respondent.

HALL, J.—This is an appeal from a judgment for plaintiff, rendered by the superior court, in the sum of $271, together with interest thereon at the legal rate to date of judgment, amounting to $97.20.

The action was brought in the justice court, where it was tried upon the issues raised by the answer of defendant to the complaint. The justice of the peace rendered judgment for the plaintiff for the principal sum of $235.05, together with interest in the sum of $75.47.

Defendants appealed to the superior court upon questions of law and fact.

Before the cause came on for trial in the superior court defendants moved said court to dismiss the action upon the ground that neither the justice court nor the superior court had jurisdiction of the action, for the reason, as defendants claimed, that it appeared upon the face of plaintiff's complaint that the amount sued for exceeded the sum of $300,

exclusive of interest. The motion was denied. Subsequently when the cause was called for trial upon its merits defendants renewed their motion, and it was again denied, and the court tried the cause upon its merits.

At the conclusion of plaintiff's evidence defendants moved for a nonsuit upon the ground that the court had no jurisdiction for the same reasons as were urged upon the motion to dismiss.

We believe the law to be that where, as in this case, a defendant, after appealing to the superior court upon questions of law and fact, seasonably challenges the jurisdiction of the court to try the action upon its merits, by reason of want of jurisdiction of the justice court over the subject matter of the action appearing upon the face of the record, such defendant is entitled to a judgment or order dismissing the action for want of jurisdiction to try it upon its merits. (*Ballerino* v. *Bigelow,* 90 Cal. 500, [27 Pac. 372] ; *Hoban* v. *Ryan,* 130 Cal. 97, [62 Pac. 296] ; *Nolan* v. *Hentig,* 138 Cal. 281, [71 Pac. 440] ; *Poyser* v. *Murray,* 6 Ind. 35 ; *Darrell* v. *Biscoe,* 94 Md. 684, [51 Atl. 410] ; *Elder* v. *Dwight Co.,* 4 Gray (Mass.), 201 ; *Berroth* v. *McElvain,* 41 Kan. 269, [20 Pac. 850] ; *Hope* v. *Hurt,* 59 Miss. 174 ; *Barnet* v. *Railroad Co.,* 68 Mo. 56, [30 Am. Rep. 773] ; *Ball* v. *Biggan,* 43 Kan. 327, [23 Pac. 565] ; *Shea* v. *Regan,* 29 Mont. 309, [74 Pac. 737] ; *Southern Ry. Co.* v. *Horn Steel Range Co.,* 122 Ga. 658, [50 S. E. 488] ; *McHenry* v. *Mays,* 110 Ga. 299, [34 S. E. 1010] ; *Missoula E. L. Co.* v. *Morgan,* 13 Mont. 397, [34 Pac. 488].)

We therefore pass to the consideration of the contention that the complaint upon its face shows that the justice court did not have jurisdiction of the action, for the reason that plaintiff sued for a sum amounting to $300 and over, exclusive of interest.

The complaint filed in the justice court consisted of a copy of a bill, as is allowed in such courts, made up of various debit items under various dates, amounting to the sum of $362.50. There next followed several credits under various dates aggregating $91.50. The complaint or copy of the bill then concludes with the following entries:

"Nov. 21, 1905, balance.........................$271.00
Nov. 9, 1909, to 3 years 11⅔ mos. interest due on
   note at 10%..................................107.66."

It is claimed by appellants that it thus appears from the face of the complaint that the item under date of November 9, 1909, of $107.66 was claimed as a principal sum, and not as interest upon the balance of $271 sued for.

We cannot agree with this contention. The most that can be fairly claimed is that the complaint is uncertain or ambiguous. No attack, however, was made in the justice court on this ground or any other. It does not appear that it ever occurred to defendants until after the cause had been appealed to the superior court that plaintiff had sued for a sum, exclusive of interest, in excess of $300.

It may be noted that the sum of $107.66, claimed as interest under date November 9, 1909, is the correct amount of interest at ten per cent upon $271, the balance stated under date of November 21, 1905, for the period between said dates, which period amounts to three years eleven and two-thirds months. The words "due on note" in the item as to the interest suggest the idea that the amount of the balance sued for as the principal sum was also evidenced by a note. Nevertheless, the complaint is fairly and most reasonably susceptible of the interpretation that the interest claimed was interest on the identical sum of $271, constituting the balance of the principal sum claimed. That such was the interpretation put upon the complaint by defendants is manifest from the fact that they did not attack the jurisdiction of the justice court or the sufficiency of the complaint in such court by demurrer or otherwise. The same interpretation was put upon the complaint by the justice of the peace as is evidenced by the entry in his docket as to the amount of the demand, which is "Demand $271.00 and interest."

The same interpretation of the complaint was followed by the plaintiff in his affidavit for an attachment, in which he set forth that defendants were indebted to him in the sum of $271, "together with interest thereon from Nov. 21, 1905, at the rate of ten per cent per annum," etc.

Where, as in this case, a pleading is perhaps ambiguous and uncertain, or susceptible of two interpretations as to its meaning, and all parties to the action apparently adopt and acquiesce in an interpretation that sustains the jurisdiction of the court as to the subject matter of the action, the losing party in such court should not be allowed upon appeal for

the first time to insist upon a different interpretation of the pleading—one that will oust the court of its jurisdiction. If the uncertainty in the complaint had been pointed out in the justice court, it could have been readily amended so as to have certainly corrected the defect and placed the question of jurisdiction beyond cavil.

We are therefore of the opinion that the record shows that the sum claimed in plaintiff's complaint, exclusive of interest thereon, did not amount to $300, and the justice court therefore had original jurisdiction of the action, and the superior court had appellate jurisdiction thereof to try the same upon its merits.

It follows that this court has no jurisdiction of this appeal other than to order a dismissal thereof, and this appeal is accordingly dismissed.

Kerrigan, J., and Lennon, P. J., concurred.