[Civ. No. 1606.   Third Appellate District.—November 25, 1916.]

## D. B. BRIANS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SONOMA, Respondents.

JUSTICE'S COURT APPEAL — QUESTIONS OF LAW AND FACT — WANT OF JURISDICTION APPEARING ON FACE OF RECORD—SEASONABLE OBJECTION—DISMISSAL.—Where an appeal from a justice's court is upon questions of law and fact, and the defendant seasonably challenges the jurisdiction of the court to try the action upon its merits, by reason of the want of jurisdiction of the justice's court over the subject matter of the action appearing upon the face of the record, such defendant is entitled to an order dismissing the action for want of jurisdiction to try it upon its merits.

ID.—LOSS OF ORIGINAL COMPLAINT—SUBSTITUTION OF COPY—TRIAL IN SUPERIOR COURT WITHOUT OBJECTION—VALID JUDGMENT.—Where an action is tried in a justice's court without the original complaint or a copy thereof being on file, and an appeal is taken from the judgment rendered therein on both questions of law and fact, and the case is tried in the superior court on its merits, without objection other than to a motion made to substitute a copy of the complaint for the lost original, the judgment will not be annulled on certiorari for want of jurisdiction of the superior court.

ID.—DISAPPEARANCE OF ORIGINAL COMPLAINT—TRIAL WITHOUT COPY—IRREGULARITY.—A justice's court does not lose jurisdiction over the subject matter of an action by the loss of the original complaint from the files, and a trial had without it or the substitution of a copy is but a mere irregularity.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to annul an order made on a justice's court appeal substituting a copy of the complaint for the lost original.

The facts are stated in the opinion of the court.

L. E. Fulwider, for Petitioner.

A. M. Johnson, for Respondents.

CHIPMAN, P. J.—A writ is sought by plaintiff to review the action of the defendant in a certain action wherein C. D. Johnson is plaintiff and D. B. Brians is defendant.

It appears from the petition that on April 1, 1914, said C. D. Johnson commenced an action against said D. B. Brians in the justice's court of Redwood Township, Sonoma County, by filing a complaint therein; that defendant Brians entered his appearance in said action in said court and an issue of fact was thereby presented; that on May 5, 1916, said action was called for trial in said justice's court, the ;plaintiff Johnson and the defendant Brians each being represented by attorney; that the original complaint in said cause was not then on file in said court but was lost, which fact was .then and had been prior thereto, known to said Johnson's attorney; that on said day, May 5th, the said action was called for trial, no complaint being then on file in said court; that defendant Brians objected to the introduction of any evidence on the ground that there was no complaint on file, and over defendant's (Brians') objection, the cause was tried and thereafter, to wit, on June 3, 1916, the said justice's court gave judgment for Brians, the defendant therein; that thereafter the said Johnson "took an appeal from said jus-tice's court judgment to the Superior Court of Sonoma County, the defendants herein"; that on October 6, 1916, the said Johnson moved the superior court "for an order au-thorizing a copy of the original complaint in said action to be filed and used and served as the complaint in said action on -the ground that the original complaint in said action had been and is lost"; that Brians, defendant in said action, objected 'to and resisted said motion, and on the sixth day of October, 1916, said court made an order granting said motion of said Johnson; that in making said order, the court exceeded its jurisdiction; that there is no appeal from said order, and petitioner has no plain, speedy, or adequate remedy at law. Petitioner prays that said order be decreed to be in excess of the jurisdiction of the defendant court.

It appears from the return to the alternative writ that the cause of *Johnson* v. *Brians* came on regularly for trial on October 6, 1916, both parties represented by attorney; that plaintiff's attorney made a motion for an order permitting plaintiff "to file a copy of the original complaint to take the place of said original complaint, the same having been lost, whereupon comes now the court and orders that said motion be submitted." It further appears from what we take to be a copy of the clerk's minutes in the action as follows: "On

said motion L. E. Fulwider (attorney for Brians) was sworn and testified on behalf of defendant, and opposed the said motion. C. D. Johnson was sworn and testified on behalf of plaintiff, and a note and notice of sale were offered, received in evidence, and marked plaintiff's exhibits A and B. William F. Carr and W. F. Olney were sworn and testified on behalf of plaintiff, whereupon plaintiff rests. Defendant not offering any evidence herein, comes now the court and orders that this cause be, and the same is hereby submitted." Then follows a copy of what is entitled "Findings and Judgment" in the case, signed by the judge of date October 6, 1916. It is recited therein: "This cause came on regularly for trial on October 6, 1916, on appeal from the justice's court of Redwood Township, Sonoma County, on questions of both law and fact, both parties being present and represented by counsel. A. M. Johnson, Esq., appearing for plaintiff and L. E. Fulwider, Esq., appearing for defendant." The execution and delivery of the promissory note, the subject of the action, its assignment to plaintiff, partial payments and the amount due are found and judgment entered for $30.65, the balance due.

The point relied upon by petitioner is that the complaint having been lost before the trial in the justice's court and no copy having been submitted in that court, the superior court was without jurisdiction to proceed after objection made by defendant.

The argument is thus presented: An action is commenced in a justice's court by filing a complaint (Code Civ. Proc., sec. 839); and such complaint must be in writing (Id., sec. 851); that a complaint or substituted copy must always be on file unless its absence is waived; and that there can be no judgment without pleadings, original or substituted, "and the allegations thereof must be sufficient to sustain the proof"; citing *Wilson* v. *White*, 84 Cal. 239, 241, [24 Pac. 114]. The rule stated in the case cited is that a defense which is not pleaded cannot be considered although shown by the evidence, for the rule as to curing defects by litigating a matter without objection applies only where the pleading is defective, and not where there is a total absence of averment. Hence, it is claimed, that the justice's court could not enter judgment in the absence of a complaint, original or substituted, and over defendant's objection.

The petition fails to show the ground on which petitioner "objected to and resisted said motion" made in the superior court to substitute a copy for the original complaint. All that appears in the minutes of the trial in the superior court is that "on said motion L. E. Fulwider was sworn and testified on behalf of defendant, and opposed said motion." The testimony of defendant's attorney is in the return, and relates only to what occurred in the justice's court. It appears from the return that after the motion was granted and the substituted complaint presented and filed, the cause was tried upon its merits, the "findings and judgment" reciting that plaintiff was represented by attorney and defendant also represented by attorney. The only objection made by defendant's attorney was to the motion, and after the court ruled thereon, defendant's attorney continued to appear for defendant at the trial on the merits making no objection to the jurisdiction of the court.

Where the appeal from a justice's court is upon questions of law and fact and the defendant seasonably challenges the jurisdiction of the court to try the action upon its merits, by reason of the want of jurisdiction of the justice's court over the subject matter of the action appearing upon the face of the record, such defendant is entitled to an order dismissing the action for want of jurisdiction to try it upon its merits. (*Bates* v. *Ferrier,* 19 Cal. App. 79, [124 Pac. 889] ; *Bartnett* v. *Hull,* 19 Cal. App. 91, [124 Pac. 885], and cases cited.)

If the appeal is taken "on questions of both law and fact," the "action must be tried anew in the superior court" (Code Civ. Proc., sec. 976) ; and the justice is required to transfer to the superior court certified copies of his docket and all the pleadings and papers, etc., filed in the cause. (Code Civ. Proc., sec. 977.) "On such appeal," said the supreme court in *Maxson* v. *Superior Court of Madera Co.,* 124 Cal. 468, [57 Pac. 379], "therefore, the entire cause is transferred to the superior court, and thereafter the latter court has exclusive jurisdiction and its judgment is final." It was said in *Bullard* v. *McArdle,* 98 Cal. 355, 359, [33 Pac. 193] : "When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law

and fact, the judgment appealed from is completely annulled, and is not thereafter available for any purpose.''

Had petitioner seasonably challenged the jurisdiction of the superior court to try the action on its merits by reason of the want of jurisdiction of the justice's court over the subject matter of the action appearing upon the face of the record, he might have brought the matter within the rule in *Bartnett* v. *Hull,* 19 Cal. App. 91, [124 Pac. 885], and *Bates* v. *Ferrier,* 19 Cal. App. 79, [124 Pac. 889]. His objection went only to the motion to substitute a copy for the original lost complaint. He made no objection to the trial of the case on its merits, and as the superior court had undoubted jurisdiction over the subject matter of the action, and also had jurisdiction to order the lost complaint to be supplied (Code Civ. Proc., sec. 1045), the alleged illegal proceedings in the justice's court complained of were not available to petitioner.

In *De Jarnatt* v. *Marquez,* 132 Cal. 700, [64 Pac. 1090], the appeal was from a judgment in a justice's court taken on questions of both law and fact. It was claimed that the superior court was without jurisdiction to try the case, for the reason that the justice's court had no jurisdiction of the subject matter of the action and hence the superior court had no jurisdiction. At the trial of the case in the superior court on its merits, defendant made no complaint of lack of jurisdiction in the superior court. It was held that the court having jurisdiction of the subject matter of the action and of the person, and the parties having gone to trial upon the merits without objection to the jurisdiction of the court, the judgment was not void. In *Nolan* v. *Hentig,* 138 Cal. 281, [71 Pac. 440], it was urged that the justice's court had no jurisdiction. The court said: ''The cause was appealed to and heard *de novo* in the superior court, without objection to the jurisdiction. The judgment cannot now be questioned.'' (Citing *De Jarnatt* v. *Marquez,* 132 Cal. 700, [64 Pac. 1090].)

The writ must be denied on a further ground. It is admitted that a complaint was filed in the justice's court, and that court, therefore, had jurisdiction. This jurisdiction was not lost by the disappearance of the original complaint. A copy should have been substituted in the justice's court, but the trial had without it was an irregularity and cannot be said to have been without jurisdiction. The missing paper, as we

have seen, was authoritatively supplied in the superior court, and the cause was there tried on its merits without objection by defendant. The judgment cannot now be questioned. The writ is denied.

Hart, J., and Burnett, J., concurred.