[No. 6,815.—Department No. 1.]

## ASTELL v. PHILLIPPI.

CERTIORARI—JUDGMENT.—It seems that upon a writ of *certiorari*, where the decision is adverse to the plaintiff, the regular form of the judgment is to affirm the judgment reviewed.

JURISDICTION — JUSTICE'S COURT.—In an action for the recovery of specific personal property, in a Justice's Court, the standard of jurisdiction is "the value of the property," and it would seem, (though in this case *held* unnecessary to decide) that the Justice's jurisdiction for the incidental damages for detention is unlimited; and at all events the demand for damages cannot oust the Justice of jurisdiction, if the value of the property is less than $300.

APPEAL from a judgment for the defendant in the Sixth District Court, County of Sacramento. DENSON, J.

Application for a writ of *certiorari* to J. S. Phillippi, Justice of the Peace, to review his proceedings in an action brought by James F. Frey against R. Astell, for certain personal property, or its value, $299, and $50 damages for detention. After the defendant, (in the Justice's Court) had demurred and answered, objecting to the jurisdiction of the Court, the plaintiff was permitted to amend by striking out the demand for damages, and,

thereupon, after trial, the Justice rendered judgment in his favor for the property, or its value, $299, in case a delivery could not be had, and for costs.

*Charles A. Waring*, for Appellant.

*L. S. Taylor*, for Respondent.

McKINSTRY, J.:

The judgment of the District Judge dismissing the writ of *certiorari* would, perhaps, have been more regular in form if it had affirmed the judgment of the Justice, but the appellant has suffered no injury from, and cannot complain of this. The test of the jurisdiction of the District and Justice's Courts, respectively, under the former Constitution, was "the demand, exclusive of interest, or the value of the property in controversy." (Const. of 1849, art. vi, §§ 6 and 7.) There were two classes of cases, in one of which the *demand*, and in the other of which the value of the property, was referred to as determinative of the question of jurisdiction. The primary purpose of an action "for the recovery of specific personal property" is, as its name indicates, to recover specific property; the judgment for its value, in case the property has not been and cannot be returned, is an alternative. The District Court would not have had jurisdiction of the cause of *Frey* v. *Astell*, because the value of the property was not $300. This view is somewhat strengthened by the analogies. The Constitution provided that the District Court should have jurisdiction when the demand, "exclusive of interest," was for $300 or more. The Justices, therefore, had power to render a judgment for any amount, however great, provided it was made up in part of a principal of less than $300. It would seem, in like manner, that when the standard of jurisdiction is "the value of the property," the recovery of which is the main object of the proceeding, the incidental damages for the detention are not limited. This, however, it is not necessary to decide; it may be that the demand for damages for the detention is mere surplusage. We only say that such demand did not oust the Justice of jurisdiction, since he

had jurisdiction if the value of the property was less than $300. (Code Civ. Proc. § 114, subd. 5.)

Judgment and order affirmed.

Ross, J., and McKee, J., concurred.

55  267
87  60

55  267
132  535

55  267
e149 674