[Civ. No. 2384.   Second Appellate District.—October 10, 1917.]

## SALLIE CONNELY, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

JUSTICES' COURTS—JURISDICTION—CLAIM AND DELIVERY ACTION—VALUE AND DAMAGES EXCEEDING THREE HUNDRED DOLLARS.—Under section 112 of the Code of Civil Procedure, subdivision 3, the justice's court has jurisdiction of an action for the recovery of personal property of the alleged value of $290, although the additional sum of one hundred dollars is claimed for the unlawful detention of the property.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order of the Superior Court dismissing a Justice's Court appeal.

The facts are stated in the opinion of the court.

George P. Cook, for Petitioner.

Hugh E. Macbeth, for Respondents.

JAMES, J.—Petitioner in this proceeding sought a writ of *certiorari* to review an order made in the superior court, which order purported to accomplish the dismissal of an action theretofore brought into the superior court by appeal from the justice's court. The writ was issued and return duly made. It appears that the petitioner commenced her action in the justice's court in September, 1916. The action was one of claim and delivery, and it was alleged that the value of the property was $290 and that the plaintiff had been damaged by the unlawful detention thereof in the sum of one hundred dollars. The relief demanded was for the possession of the property, or in case possession could not be had, then for its value in the sum stated, together with the amount of damages alleged. Answer was filed and the case duly set for trial in the justice's court and notice given to the defendants. Defendants failed to appear at the trial, and after hearing evidence the justice entered judgment in accordance with the prayer of the complaint. Defendants thereupon appealed the case to the superior court, where, after certain proceedings,

the court made the following order: "In this cause heretofore submitted on April 3, 1917, it is ordered that the action be and the same is hereby dismissed for want of jurisdiction." It is this order that petitioner seeks to have annulled. The main question presented is as to whether the justice's court had jurisdiction of an action for the recovery of personal property of the alleged value of $290 where the additional sum of one hundred dollars damages was claimed. The civil jurisdiction of the justice's court, as defined in section 112 of the Code of Civil Procedure, includes: "3. In actions to recover the possession of personal property, if the value of such property does not amount to three hundred dollars." Counsel for respondent argues that, as section 11, article VI, of the Constitution of this state provides that the powers of inferior courts "shall not in any case, trench upon the jurisdiction of the several courts of record," section 112 of the Code of Civil Procedure defining the jurisdiction of the justice's court must be held to include only actions in which the total demand does not amount to three hundred dollars. But we may inquire, if the justice's court did not have jurisdiction of this action, what court did? The constitutional provision defining the jurisdiction of superior courts (section 5, article VI) gives jurisdiction to such courts where personal property is in litigation, where "the value of the property in controversy amounts to three hundred dollars." In an action of claim and delivery the recovery of the property itself is the main demand—damages are incidental. In the case of *Astell* v. *Phillippi,* 55 Cal. 265, our supreme court said : "It would seem, in like manner, that when the standard of jurisdiction is 'the value of the property,' the recovery of which is the main object of the proceeding, the incidental damages for the detention are not limited." Respondent argues that this decision was rendered under a different state of the law; that the Constitution of 1849 was then in force, which did not contain provisions similar to that in section 11, article VI, referred to above. As a matter of fact, the Constitution of 1849 did contain, in the amendments ratified in 1862, the same provision in almost the identical terms. The case of *Astell* v. *Phillippi* is in point. But even though it did appear that the demand was for an amount in excess of the jurisdiction of the justice's court, still where the appeal was regularly taken and the case was brought into the

superior court, the latter court had jurisdiction to determine the appeal on its merits. (*De Jarnett* v. *Marquez*, 132 Cal. 702, [64 Pac. 1090], cited in *Riverside Heights Water Co.* v. *Riverside Trust Co.*, 148 Cal. 457, [83 Pac. 1003].) We do not mean to decide that a party properly objecting to the jurisdiction of a justice's court may not have that objection reviewed and passed upon on appeal; but the record here discloses no objection as having been made in either court. Apparently, judging from the face of the return, the action of the court was taken of its own motion. However, for the reasons stated, we are satisfied that the justice's court had jurisdiction of the action in that the value of the property involved did not amount to three hundred dollars.

The order of the superior court is annulled, petitioner to have her costs.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 6, 1917, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court after decision by the district court of appeal of the second appellate district is denied.

As we read the opinion of the district court of appeal, the conclusion of the court is based wholly upon the proposition that the justice's court had jurisdiction of the action in that the value of the property involved did not amount to three hundred dollars, and we are entirely in accord with what is said by the district court of appeal on this question.

In denying the hearing we are not to be understood as expressing any opinion upon the other question discussed in the opinion.