[Civ. No. 7741.   Second Appellate District, Division One.—November 24, 1933.]

W. E. LARSON, Respondent, v. E. B. DU BAIN et al., Appellants.

John T. Mulligan and Gerard Remington for Appellants.

434

Cameron & Perkins for Respondent.

YORK, J.—This is an appeal from a judgment rendered upon a complaint filed in the Superior Court of Los Angeles County for the sum of $1800. The complaint alleges two causes of action for the identical sum of $1800, one sounding in fraud and the other in contract, and in addition to the $1800 prayed for $600 attorney fees. Evidently by reason of this addition of $600 to the sum of $1800, the superior court took jurisdiction of the matter as being in excess of the jurisdictional amount of $2,000, but after trial rendered judgment for the sum of $1800 and interest only. The complaint stated no facts which could sustain a claim for attorney fees.

The complaint upon its face shows that this cause of action was not brought in the proper court and that the Superior Court of Los Angeles County had no jurisdiction thereof. The amount involved was less than $2,000, and the transactions complained of in the complaint took place either in the city of Los Angeles or in the city of Long Beach, both being in Los Angeles County, and as there are municipal courts in said county, the superior court was divested of jurisdiction of this action, and, therefore, only the municipal court of either of said cities had jurisdiction to try the cause and render judgment thereon.

"Notwithstanding any provision contained in this article, the Legislature may fix by law the jurisdiction of Municipal Courts and inferior courts in cities having Municipal Courts which may be established in pursuance of this article, and may fix by law the powers, duties, qualifications and responsibilities of Judges thereof." (Art. VI, sec. 13, Constitution of California, as amended November 6, 1928.)

The Municipal Court Act, section 29, as amended in 1929 (Stats. 1929, p. 838), provides as follows:

"29. Each municipal court shall have exclusive original jurisdiction of all civil cases and actions, arising within the city or city and county in which such municipal court is established, of the following classes:

"1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars or less."

The jurisdiction thus vested in the municipal courts excludes such cases from the superior court. (Art. VI, sec. 5, Constitution of California.)

The judgment appealed from is reversed.

Conrey, P. J., and Houser, J., concurred.