[Civ. No. 9365. Second Appellate District, Division One.—July 5, 1935.]

LOUISA HOLM et al., Respondents, v. F. E. DAVIS, Appellant.

H. L. Duckett, Jr., and F. E. Davis for Appellant.

Walter F. Haas, Stanley F. Maurseth and Gerald E. Kerrin for Respondents.

ROTH, J., *pro tem.*—In this action instituted in the Superior Court of this State in and for the County of Santa Barbara, respondents as plaintiffs sued appellant for the possession of a silver-mounted and trimmed saddle, bridle, collar, reins, romal and tie-down which had previously been sold to appellant by respondents' assignor on a conditional sales contract (hereinafter referred to as contract) for an agreed price of $850; appellant having defaulted in payment in violation of the terms of the contract. The complaint alleges the reasonable value of the property to be $750; that the reasonable value of the use from the alleged date of unlawful detention is $40 per month for a period of ten months, or a total of $400, and alleges further that plaintiffs are entitled to a reasonable attorney's fee in accordance with the purported provision of the contract providing therefor.

Appellant first urges that the cause of action was one of which a justice's court, class A, had original and exclusive jurisdiction. Section 112 of the Code of Civil Procedure, as it was at the time the action was brought and as it is now, substantially, so far as it is applicable to the facts here, provided and provides that ''justices' courts of class A shall have original jurisdiction: In all cases at law in which . . . the value of the property in controversy amounts to one thousand dollars or less, . . . '' It is settled that in such cases the jurisdiction of such justice court would be original and exclusive. (*Shipp* v. *Superior Court,* 209 Cal. 671 [289 Pac. 825]; *Larson* v. *Du Bain,* 135 Cal. App. 433 [27 Pac. (2d) 393].)

Since the reasonable value of the property is alleged to be the sum of $750, the remaining question is to determine what effect, if any, the allegations of the complaint with respect to

the value of the use of the property in controversy has. This has been already determined, and it has been held that such allegations have no effect. *Connely* v. *Superior Court*, 34 Cal. App. 773, 774 [169 Pac. 355], where the court says: "In an action of claim and delivery the recovery of the property itself is the main demand—damages are incidental. In the case of *Astell* v. *Phillippi*, 55 Cal. 265, our Supreme Court said: 'It would seem, in like manner, that when the standard of jurisdiction is "the value of the property", the recovery of which is the main object of the proceeding, the incidental damages for the detention are not limited.' Respondent argues that this decision was rendered under a different state of the law; that the Constitution of 1849 was then in force, which did not contain provisions similar to that in section 11, article VI, referred to above. As a matter of fact, the Constitution of 1849 did contain, in the amendments ratified in 1862, the same provision in almost the identical terms. The case of *Astell* v. *Phillippi* is in point."

The complaint, as suggested, alleged that the contract in question authorized the employment of an attorney in the event action were instituted, and alleged further that plaintiff is entitled to recover "a reasonable attorney's fee and in an amount to be fixed by the court". ▓ It has been held that when a contract provides for an attorney's fee the recovery thereof is in the nature of special damage and becomes part of the demand, and that such special damage, added to the original demand, must be considered in determining whether or not the entire demand is within or in excess of the jurisdictional amount. (*De Jarnatt* v. *Marquez*, 127 Cal. 558 [60 Pac. 45, 78 Am. St. Rep. 90]; *Taylor* v. *Datig*, 123 Cal. App. (Supp.) 782 [11 Pac. (2d) 98]; *Larson* v. *Du Bain*, 135 Cal. App. 433 [27 Pac. (2d) 393].) ▓ In the instant case the reasonable value of the personal property, possession of which is demanded, is alleged to be $750. No specific amount of attorney's fees is alleged as reasonable, nor is any specific amount prayed for, although the court did allow $300. Aside from the fact that the allegations with reference to attorney's fees may be defective for the purpose of giving jurisdiction because of a failure to allege a specific sum as reasonable, it conclusively appears from the face of the complaint that the allegation cannot be considered for such purpose. Generally,

there is no right to recover attorney's fees in a replevin action. (Code Civ. Proc., sec. 1021; *W. R. Bradshaw & Co.* v. *Eggers,* 27 Cal. App. 132, 134 [148 Pac. 961].) The right to attorney's fees therefore must obviously depend upon a contractual provision. The contract is set forth in the complaint *in haec verba.* It provides: "And in case a suit . . . is instituted to collect the *money,* . . . I promise to pay *ten per cent* . . . as attorney's fees, . . . " (Italics ours.) The action in question is not a suit for the *money* due under the contract. It is a possessory action for the personal property covered by the contract and specifically described in the complaint. The contract made no provision for attorney's fees to cover such an action. Furthermore, assuming arguendo that the attorney's fee clause could be made applicable, the covenant is for "ten per cent". The reasonable value alleged being $750, the attorney's fee allowed could not be in excess of $75. Thus the greatest demand which can be set forth under the allegations of the complaint is $750 plus $75, or $825.

Since the judgment must be reversed for the reason that the superior court had no jurisdiction to entertain the action, it is unnecessary to pass upon other questions raised.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.