[Civ. No. 28604.   Second Dist., Div. Two.   Nov. 15, 1965.]

ALLSTATE LEASING CORPORATION, Plaintiff and Appellant, v. FRED L. SMITH et al., Defendants and Respondents.

Edward Raiden for Plaintiff and Appellant.

Michael B. Montgomery for Defendants and Respondents.

FLEMING, J.—Appeal by Allstate Leasing Corporation from an order of the superior court vacating an earlier judgment in its favor.

Allstate leased furniture and appliances to Fred, Jean, and Bessie Smith, which were used to furnish several apartment houses. The Smiths sold the apartment houses—and the leased furniture and appliances—to Fred and Georgia Ferguson and gave the Fergusons a bill of sale for Allstate's property signed by third persons. Thirteen months later Allstate filed a complaint in superior court against the Smiths and the Fergusons. Allstate pleaded two causes of action: one against the Smiths for breach of contract, and one against the Fergusons for the value of the property and its use. The Smiths defaulted, but the Fergusons went to trial. Judgment was entered against the Smiths for the principal amount of $3,417 and for attorney's fees of $241 [rounded amounts], and against the Fergusons for $2,800. No appeal was taken. Five months later the Fergusons moved to vacate the judgment on the ground that the superior court lacked subject-matter jurisdiction because Allstate's complaint sought less than the minimum jurisdictional amount of $5,000. The court agreed, the judgment was vacated, and the action was transferred to the municipal court.

On appeal from the order vacating the judgment, Allstate contends the trial court had subject-matter jurisdiction because the amount actually in issue was over $5,000, because the trial court's determination of jurisdiction had become res judicata, and because the Fergusons were estopped to deny jurisdiction.

We accept the view of Allstate that it had pleaded causes of action involving more than the jurisdictional minimum of $5,000 and therefore do not consider the thorny subjects of res judicata and estoppel.

■ The decisive factor in determining the amount of money at issue for jurisdictional purposes is the demand of the pleadings, not the amount of a subsequent judgment. (Code Civ. Proc., § 396; *Sellery* v. *Ward*, 21 Cal.2d 300, 304 [131 P.2d 550].) ■ If several causes of action are properly joined in a complaint, the court has jurisdiction if any one of them demands the minimum amount, even though the others involve lesser amounts. (*Aldrich* v. *Transcontinental Land etc. Co.*, 131 Cal.App.2d 788, 796 [281 P.2d 362]; *St. James Church* v. *Superior Court*, 135 Cal.App.2d 352, 358 [287 P.2d 387].) ■ The amount of the demand is usually shown by the prayer of the complaint, but the entire cause may be considered in determining the amount actually involved. (*St. James Church* v. *Superior Court*, 135 Cal.App. 2d 352, 356 [287 P.2d 387].)

In the case at bench the prayer asked for judgment against the Smiths for $3,417, plus reasonable attorney's fees, and for judgment against the Ferguson's for $3,417. Respondents argue that neither cause of action set forth a demand for over $5,000, and, therefore, the superior court lacked subject-matter jurisdiction. Allstate contends that the complaint against the Fergusons sought to recover the value of the furniture ($3,417) plus damages for loss of use ($2,613) and that the total of these two items ($6,030) exceeded the minimum jurisdictional amount.

On this record and at this stage of the litigation we find the jurisdictional amount pleaded under each count.

1. The first cause of action was against the Smiths for $3,417, the amount owed under the lease, plus reasonable attorney's fees and costs. ■ Attorney's fees are included in calculating the amount in controversy where specific provision is made for their payment under the contract. (*Holm* v. *Davis*, 8 Cal.App.2d 328, 330 [47 P.2d 537].) ■ A demand for attorney's fees must be added to the principal demand in order to determine the jurisdictional amount. (*Taylor* v. *Datig*, 123 Cal.App.Supp. 782, 783 [11 P.2d 98]; *Garcia* v. *Ebeling Motor Co.*, 89 Cal.App.2d 688, 694-695 [201 P.2d 854].) ■ In the present case no exact figure was specified in the pleadings as a reasonable amount of attorney's fees. How much then do we add to the principal amount? In our view at this stage of the litigation we are justified in assuming a figure which will support the subject-matter jurisdiction of the court. Respondents, having lost a final judgment on the merits without raising the jurisdictional issue, cannot be heard to complain when a court later interprets a demand for reasonable attorney's fees as a demand for an amount sufficient to sustain the jurisdiction of the court which granted the judgment.

In *DeJarnatt* v. *Marquez*, 132 Cal. 700 [64 P. 1090], at a time when the minimum jurisdiction of the superior court was $300, plaintiff brought suit in the justice's court on a note for $250 and asked for $100 attorney's fees under an agreement in the note to pay a reasonable attorney's fee. The case was tried on the merits in the justice's court, the plaintiff won, and an appeal was taken to the superior court. The action was tried anew in the superior court, and plaintiff again won. Defendant then appealed to the Supreme Court on the ground that the justice's court had no jurisdiction over the suit and the superior court had acquired none by

the appeal.  The Supreme Court held that the superior court did have jurisdiction over the suit, because the complaint on its face showed a demand for an amount within its original jurisdiction.  Defendant, having gone to trial in the superior court on the merits without contesting jurisdiction, was precluded from subsequently attacking the jurisdiction of that court.

In the present case we have a comparable contract and a comparable attempt by respondents to attack the judgment collaterally after having waged trial on the merits and lost. Since the jurisdictional attack was not mounted until after final judgment, for purposes of determining the jurisdictional amount we can properly construe a demand for the contract balance, plus reasonable attorney's fees, as a demand in excess of the $5,000 jurisdictional amount.  (*DeJarnatt* v. *Marquez,* 132 Cal. 700 [64 P. 1090].)  Had respondents at the time of trial attacked the pleading of reasonable attorney's fees as an insufficient allegation of the jurisdictional amount by either a general demurrer, a special demurrer for uncertainty, a motion for a bill of particulars, a motion to dismiss, or a motion for summary judgment, Allstate would have had an opportunity to amend its complaint to specify a demand for attorney's fees which, when added to the amount due under the lease, would amount to a specific sum in excess of $5,000, or to transfer the cause to the municipal court in advance of trial.  Since no such challenge was made, since all intendments favor a judgment, and since a demand for reasonable attorney's fees under contract is susceptible to broad interpretation, we give it that broad interpretation and construe the demand as one within the jurisdiction of the superior court.

2. We turn to the second cause of action.  █  The complaint clearly pleads the wrongful exercise of dominion by the Fergusons over the property of Allstate. Allstate's remedies include specific recovery of the property, or its present value, plus damages for the period of its detention (Civ. Code, § 3379; Code Civ. Proc., §§ 509, 627, 667) ; or damages for the value of the property at the time of conversion plus interest and the expense of pursuing the property. (Civ. Code, § 3336.)  █  In order to determine the amount of money actually involved, common law classifications may be used to clarify the demands of the parties, even though we now have but one form of civil action.  (*Fran-Well Heater Co.* v. *Robinson,* 182 Cal.App.2d 125, 129-130 [5 Cal.Rptr.

900].) Allstate's first remedy is the statutory equivalent of the common-law replevin action; its second is the successor to the common-law trover and conversion actions. To find which remedy was pleaded, we consider the second cause of action as a whole. (*St. James Church* v. *Superior Court,* 135 Cal. App.2d 352, 356 [287 P.2d 387].) ▊▊ Count two alleges the Fergusons took possession of the furniture and used it in their motel for a period of 13 months. It alleges the value of the furniture was $3,417. It alleges the reasonable value of the use of the furniture was $201 per month. These allegations can be given meaning by construing the second cause of action as one in the nature of claim and delivery, the equivalent of common law replevin. (Civ. Code, § 3379; Code Civ. Proc., §§ 509, 627, 667.) Under Code of Civil Procedure, section 667,[1] Allstate could sue for the return of the property, or its value in case a delivery could not be had, and damages for the period of wrongful detention. (*Guerin* v. *Kirst,* 33 Cal.2d 402, 414 [202 P.2d 10, 7 A.L.R.2d 922].) We think the second cause of action can appropriately be so interpreted. Without expressing an opinion on the proper amount of recovery, we agree with Allstate that the value of the property ($3,417) together with its rental use ($201 x 13=$2,613) was put in issue by the allegations in the second cause of action and the denials in the answer. Since the total of the value of the property and its rental use exceeded $5,000, the superior court had subject-matter jurisdiction over the second cause of action.

Thus under either of two theories, the superior court had jurisdiction of the causes of action pleaded in the complaint.

The order vacating the judgment for lack of jurisdiction in the superior court is reversed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 8, 1965, and respondents' petition for a hearing by the Supreme Court was denied January 12, 1966.

---

[1]Code of Civil Procedure, section 667: ''In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same. . . .''