[Civ. No. 34872.  Second Dist., Div. Four.  Apr. 23, 1970.]

L. PERRY, Plaintiff and Appellant, v.
FARLEY BROTHERS MOVING & STORAGE, INC., Defendant and
Respondent.

**COUNSEL**

Arthur Mabry for Plaintiff and Appellant.

Millikan, Montgomery & Olafson and Charles E. Millikan, Jr., for Defendant and Respondent.

## OPINION

IRWIN, J.*—Plaintiff appeals from a summary judgment striking the complaint and dismissing her action to enjoin the sale of personal property by the defendant storage company for nonpayment of charges. The judgment was based upon uncontroverted proof that identical issues between the same parties in a prior municipal court action had been determined on the merits.

In June 1965 defendant gave plaintiff an estimate of charges for moving and storing certain items of plaintiff's household goods. Thereafter plaintiff executed a written contract fixing charges greater in amount than those set forth in the preliminary proposal. The defendant moved and stored such household goods and billed plaintiff for the charges as specified in the written contract. Plaintiff refused to pay, objecting and claiming that the prior estimate was the agreement rather than the written contract. She then brought suit in the Pasadena Municipal Court alleging an oral agreement with defendant based upon the aforesaid written proposal; offered payment pursuant to the alleged oral agreement; alleged that "defendant at this time continued to wrongfully hold plaintiff's furniture"; and that by reason thereof defendant breached its contract with the plaintiff, all to plaintiff's damages in the sum of $1,000.

In a second cause of action of the same complaint she alleged ownership of personal property consisting of household furniture and furnishings, attached an inventory, stated the value of said personal property to be $4,000 approximately, and alleged that defendant was "wrongfully withholding said personal property from the plaintiff," all to her damage in the sum of $5,000. The municipal court case was tried on its merits and judgment was rendered in favor of the defendant. Written findings were not required. There was no appeal and the judgment became final.

On April 1, 1968, defendant, still in possession of said property, gave notice of sale to foreclose its warehouseman's lien at public auction on May 25, 1968, for default in payment of the same moving and storage charges which were in issue at the municipal court trial plus interest and accrued monthly charges.

On May 24, 1968, plaintiff filed the complaint in the present action to enjoin this sale, again alleging the written estimate upon which she based her municipal court action. She further pleaded that the written contract upon which the defendant relied had been signed by her as a result of various misrepresentations and other fraudulent acts by the

*Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.

defendant. She obtained a temporary restraining order and sought a preliminary injunction. Defendant responded by filing its motion to strike her complaint and to dismiss the action "on the ground that plaintiff is barred and estopped from asserting or litigating the cause of action set forth in the complaint for injunction herein because the claim or right on which the cause of action is based has been decided adversely to plaintiff by a court of competent jurisdiction based on the merits, which judgment has become final, and was a judgment and action between the identical parties."

An affidavit of Honorable Henry W. Shatford, the judge who tried the case in the Pasadena Municipal Court, was filed in support of the motion. He stated that the judgment in favor of the defendant and against the plaintiff was on the merits; that one issue which was tried and decided in favor of the defendant and against the plaintiff concerned the correct amount of the charges which should have been made by the defendant to the plaintiff for moving, warehouse handling, wrapping, materials and storage with respect to plaintiff's goods; that plaintiff contended that she had a contract with defendant by reason of the aforesaid estimate, which was attached to her complaint as Exhibit A; that defendant contended that said document (Exhibit A) was an estimate and that prior to providing any services to plaintiff, it submitted to plaintiff a written contract setting out the rates and charges which would be made by it; that the plaintiff executed the written contract, and defendant left a signed contract with the plaintiff; that plaintiff admitted signing the written contract but claimed its effect was misrepresented to her and that at the time she signed it she hadn't been able to read it because she didn't have her glasses and therefore it was not a valid contract. The trial judge further stated that "based upon the oral and documentary evidence admitted at the trial and the demeanor of the witnesses, the issue regarding the propriety of the charges was resolved in favor of the defendant's contentions and against those of the plaintiff. The charges made by the defendant were in accord with the contract found to exist and defendant therefore had not wrongfully held possession of the plaintiff's goods by reason of nonpayment of those charges. Plaintiff therefore was not entitled to damages under either cause of action and judgment was rendered accordingly."

Plaintiff did not controvert the facts as set forth by Judge Shatford or by other evidence. Defendant's motion was granted in the form of a summary judgment in favor of the defendant herein.

Plaintiff contends first that the municipal court judgment is void and as such may not be used as a defense of collateral estoppel or res

judicata. She argues that the first cause of action alleging damages in the sum of $1,000, combined with her claim of $5,000 in the second cause of action, exceeds the monetary jurisdiction of the municipal court. *Hammell* v. *Superior Court* (1932) 217 Cal. 5 [17 P.2d 101] is the prevailing authority for the proposition that where a single plaintiff sues a single defendant on separate causes of action properly joined, the aggregate of the demands determines the jurisdiction. In that case a number of claims arising out of separate transactions by different persons had been assigned to the plaintiff for the purpose of collection and the court determined that the aggregate amount established jurisdiction in the superior court. Where, however, as in the present case, plaintiff alleges damages in two separate counts on different theories for the same wrongful withholding of her property by the defendant, there is but a single cause of action and her pleading is alternative in nature.

In *Larson* v. *Du Bain* (1933) 135 Cal.App. 433 [27 P.2d 393] two causes of action were asserted, each alleging damages of $1,800. The first sounded in fraud and the other was for breach of contract. It was held that the two causes of action for damages on different theories under the same facts could not be added together for the purpose of establishing jurisdiction in the superior court.

Moreover, it is now established in this state that a determination of subject matter jurisdiction may become res judicata. (*Chicot County Drainage Dist.* v. *Baxter State Bank* (1940) 308 U.S. 371 [84 L.Ed. 32, 60 S.Ct. 317]; *Estate of Estrem* (1940) 16 Cal.2d 563, 569 [107 P.2d 36].)

■ Next, plaintiff contends that the equitable rights of appellant were not required to be and were not adjudicated in the prior action, but she concedes that "[the first judgment] operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." (*Todhunter* v. *Smith* (1934) 219 Cal. 690, 695 [28 P.2d 916]; *Schumacker* v. *Industrial Acc. Com.* (1941) 46 Cal.App.2d 95 [115 P.2d 571].) Clearly, there is no issue of fact to be decided here that was not determined adversely to plaintiff in the municipal court. There plaintiff relied upon the defendant's estimate as the basis of her claim that the defendant was wrongfully in possession of her property. By way of answer and at the trial defendant pleaded and proved the written contract. In the municipal court plaintiff also claimed the written contract was induced by fraud and misrepresentation. In the present action she raises these identical issues which were decided against her in the prior case. The municipal court determined that the written contract was valid and the defendant was entitled to collect in accordance with its

terms. Having admitted that she is in default on the payments due under the written contract, no issue of fact remained for trial in the superior court. Thus plaintiff would not be entitled to enjoin the sale for nonpayment under any theory.

■ Finally, plaintiff complains that findings of fact and conclusions of law should not have been denied following the special hearing on the motion. No issue of fact requiring findings was before the court. Although not so designated within the motion itself, the lower court properly ruled on the motion as one for summary judgment.

The motion and the judgment followed the procedure set forth in section 437c of the Code of Civil Procedure. The affidavits in support of the motion contain uncontroverted evidence sufficient to entitle the defendant to a judgment in the action. Plaintiff's affidavit in opposition to the motion set forth no facts contrary to those disclosed by the defendant. Under such circumstances, it is the duty of the trial court to determine whether plaintiff or defendant has presented any facts which give rise to a triable issue or defense, not to pass upon or determine the issue itself (*Schulze* v. *Schulze* (1953) 121 Cal.App.2d 75 [262 P.2d 646].) On hearing such a motion the court is without power to make findings of fact. (*Weichman* v. *Vetri* (1950) 100 Cal.App.2d 177 [223 P.2d 288].) Plaintiff's claim that the trial judge should have ordered findings of fact is without merit.

The judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied May 8, 1970, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1970.